220 January 10, 2024 No. 29

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Kristi CLUMPNER,
*Petitioner-Appellant,*
*and*

Darren CLUMPNER,
*Respondent-Respondent.*

Washington County Circuit Court
19DR23256; A178268

D. Charles Bailey, Jr., Judge.

Submitted October 6, 2023.

Gregg Aaron Myers filed the briefs for appellant.

Darren Clumpner filed the brief *pro se*.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Wife appeals from a general judgment of dissolution. On appeal, she raises two assignments of error, both of which relate to the amount of spousal support that she was awarded. For the reasons below, we affirm.

After consideration of ORS 19.415(3)(b) and the factors in ORAP 5.40(8)(d), we determine that this is not the kind of "exceptional case" in which we would take *de novo* review. ORAP 5.40(8)(c). As a result, we review the trial court's determination of the amount of spousal support for abuse of discretion. *Colton and Colton*, 297 Or App 532, 542, 443 P3d 1160 (2019). In reviewing that determination, we are bound by the trial court's findings of historical fact that are supported by any evidence in the record, and we will disturb the trial court's determination of what constitutes a "just and equitable" amount and duration of support only if the court "misapplied the statutory and equitable considerations required by ORS 107.105." *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012).

As to wife's first assignment of error, we conclude that the trial court did not misapply the factors in ORS 107.105(1)(d)(C). Although wife testified that she currently earned the state minimum wage, the vocational rehabilitation expert's testimony allowed for a finding that wife had a present earning capacity of $3,200 to $3,500 per month. With such nonspeculative evidence, the trial court was not required to accept wife's salary at the time of the trial as her present earning capacity. *Cf. Cortese and Cortese*, 260 Or App 291, 297, 317 P3d 340 (2013), *rev den*, 355 Or 317 (2014) (recognizing that when there is nonspeculative evidence of a spouse's present earning capacity that is greater than the spouse's current income, a trial court can order support based on the greater amount). As to wife's second assignment of error, after a review of the record we conclude that the trial court did not abuse its discretion in awarding wife $500 a month in transitional spousal support from February 1, 2022, until December 31, 2023, and $700 a month in maintenance spousal support from February 1, 2022, until December 31, 2025.

Affirmed.